MHW

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES QUEEN, BEVERLY HANNI, and VICTOR MOWRER, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 10-cv-1445<br>) |
| v. | ) Judge John W. Darrah<br>) |
| NATIONWIDE CREDIT, INC., | )<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, James Queen, brought this action against Defendant, Nationwide Credit, Inc. ("NCI"), alleging violations of the Fair Debt Collections Practices Act ("FDCPA"), *codified at* 15 U.S.C. § 1692. Eight days later, the complaint was amended to add Beverly Hanni as a plaintiff.

On May 7, 2010, Plaintiffs moved to file a second amended complaint, adding Victor Mowrer as an additional Plaintiff. Also on that day, NCI moved to dismiss the first amended complaint, arguing that NCI had served Queen and Hanni with an offer of judgment pursuant to Federal Rule of Civil Procedure 68, which would have provided Queen and Hanni with more than their maximum recoverable amount, and that Queen's and Hanni's rejections of that offer thus eliminated any justiciable case or controversy and divested this Court of jurisdiction. Plaintiffs' motion for leave to file a second amended complaint was granted, and NCI withdrew its motion to dismiss.

On June 2, 2010, NCI filed a motion to dismiss Plaintiffs' Second Amended Complaint as to Queen and Hanni. On June 25, 2010, NCI filed a nearly identical motion to dismiss Mowrer's claim, arguing that Mowrer had rejected a nearly identical offer of judgment. Briefing on the two motions was consolidated, and both motions are ripe for ruling.

## LEGAL STANDARD

Federal Rule of Civil Procedure 68 "allows judgment to be taken against the defendant for both damages caused by the challenged conduct and the costs then accrued." *Marek v. Chesny*, 473 U.S. 1, 6 (1985) (*Marek*). A party defending a claim may serve an opposing party an offer to allow judgment at least fourteen days before trial. Fed. R. Civ. P. 68. If within fourteen days after being served, the opposing party serves written acceptance, either party may file the offer and notice of acceptance; and the clerk must enter judgment. *Id.* A plaintiff may reject the offer and face the risk of paying costs accrued after the judgment. *See Marek*, 473 U.S. at 5. When a defendant offers to satisfy a plaintiff's entire demand, there is no dispute remaining. *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991). "[A] plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake." *Id.*

Rule 12(b)(1) provides for dismissal of a case for lack of subject-matter jurisdiction. *United Phosphorous, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). The court analyzes 12(b)(1) motions to dismiss as any other motion to dismiss and, for the purposes of the motion, accepts all facts alleged in the complaint as true. *Id.*

The movant may support its motion with affidavits and other evidence supporting its claim that the court lacks subject-matter jurisdiction. *Id.* The plaintiff bears the burden of establishing jurisdiction. *Id.*

## ANALYSIS

On April 20, 2010, NCI sent Plaintiffs Queen and Hanni – the only Plaintiffs at that time – a document entitled, "Offer of Judgment Pursuant to FRCP 68." NCI's offer included the following terms and conditions:

> As a condition to said Offer of Judgment, Plaintiffs shall agree to the execution of a general release in conjunction with the entry of a stipulation for dismissal with prejudice, as regards to these parties herein . . . .
>
> As a total amount of settlement, Defendant hereby offers the sum of $2,002.00 . . . plus reasonable attorneys' fees and costs to the date of this offer.
>
> Reasonable attorney's fees shall be determined by this Honorable court.

Docket No. 19-1 at ¶¶ 3-5. On June 8, 2010, a $1,001.00 offer was made on identical terms to Mowrer. Through their attorney, David Phillips, Plaintiffs expressly rejected NCI's offers. In response to NCI's motions to dismiss, Plaintiffs argue that NCI's offers were deficient for two reasons: (1) the temporal limitation on attorney's fees would prevent Plaintiffs from obtaining full recovery on their FDCPA claims and (2) conditioning the offer on an unspecified general release is improper.

### *The Limitation on Attorney's Fees*

Under the relevant provision in the FDCPA, the maximum amount of statutory damages a plaintiff can recover is $1,000.00 plus reasonable attorney's fees and costs. *See* 15 U.S.C. § 1692k(a)(2) and (3). Because NCI offered $1,001.00 to each Plaintiff,

3

plus reasonable attorney's fees and costs, NCI argues that it offered more than the maximum statutory recovery each Plaintiff could receive, thus eliminating any legal dispute upon which federal jurisdiction can be based. *Cf. Griesz v. Household Bank (Illinois), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999) (*Griesz*) (dismissing case for mootness because plaintiffs rejected defendant's offer of judgment, which was worth more than the value of plaintiffs' claims).

Unlike the offer in *Griesz*, however, NCI's offer limits the amount of fees recoverable to those incurred as of the date the offer was made. Plaintiffs argue that this fee cap would effectively provide Plaintiffs with less than the total relief to which they are entitled because Plaintiffs could be required to engage in additional and uncompensated litigation to resolve any fee disputes and to enforce the judgment.

NCI argues that its purported offer complied with Rule 68, which provides that an offer can be made for judgment "with costs then accrued." Fed. R. Civ. P. 68. Plaintiffs, however, note that for Rule 68 purposes, the term "costs" is to be defined by the underlying statute. *Webb v. James*, 147 F.3d 617, 621 (7th Cir. 1998) ("[W]here there is an underlying fee-shifting statute, the Rule 68 offer is interpreted in light of that statute, particularly with regard to what it specifies the term 'costs' includes."). "Rule 68 does not come with a definition of 'costs'; rather, it incorporates the definition of costs that otherwise applies to the case." *Marek*, 473 U.S. at 9 n.2. In *Marek*, the Supreme Court held that by not defining the term "costs" in Rule 68, the drafters "intended to refer to all costs properly awardable under relevant substantive statute or other authority." *Id.* Accordingly, the *Marek* Court held that attorney's fees were recoverable under 42 U.S.C.

4

§ 1988, which expressly allows recovery of "attorney's fees *as part of the costs.*" *Id.* (emphasis added).

The FDCPA, on the other hand, lists attorney's fees as part of the civil liability of the debt collector, but it does not provide that attorney's fees are part of recoverable costs. Instead, a debt collector in violation of the FDCPA is liable for "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Thus, the statute plainly separates costs from attorney's fees, such that Rule 68 provides no temporal limitation on recoverable attorney's fees in FDCPA cases.[1]

Additionally, although NCI "does not dispute that a court can award fees to cover the reasonable amount of attorneys' time spent litigating a fee dispute," it argues that Plaintiffs merely misinterpreted NCI's offers as providing such a limitation. *See* Docket No. 32 at 3. But the fact that a plaintiff may be entitled to such fees does not mean that a plaintiff cannot waive that right in accepting an offer made pursuant to Rule 68. *See Sherry v. Protection, Inc.*, 14 F. Supp. 2d 1055, 1056, 1058 (N.D. Ill. 1998) (holding that plaintiff knowingly waived right to recover fees incurred to recover attorney's fees by accepting offer for $5,000 "plus reasonable and properly recoverable costs and reasonable attorneys' fees, under applicable rules, accrued through the date of acceptance of th[e] offer") (citing *Guerrero v. Cummings*, 70 F.3d 1111, 1113 (9th Cir. 1995)). Thus, it was reasonable for Plaintiffs to interpret the proposed agreement as one that would have foreclosed their right to *any* fees incurred after the date of the offer.

---

[1] Furthermore, fees necessarily expended to collect a judgment are also recoverable. "It would make no more sense to deny attorney's fees for efforts to collect a judgment than it would to deny them for efforts to defend a judgment on appeal." *Free v. Briody*, 793 F.2d 807, 809 (7th Cir. 1986).

5

The plain language of NCI's purported offers of judgment expressly provides that recovery for fees would be limited to those incurred up to the date of the NCI's offers. Although Plaintiffs could have waived their right to fees incurred after the date of the offer by accepting the offer, that acceptance would potentially have limited Plaintiffs' recovery to less than their full statutory entitlement. Accordingly, Plaintiffs' rejection of NCI's offers did not divest the Court of jurisdiction.

*General Release*

Plaintiffs also argue that NCI's effort to secure an unspecified general release in exchange for a stipulation of dismissal with prejudice was improper. The validity of a Rule 68 offer is generally determined by analogy to contract law. *Nordby v. Anchor Hocking Packaging Co.*, 199 F.3d 390, 392 (7th Cir. 1999). However, that analogy is limited because rejecting a contractual offer imposes no legal consequences, but rejecting a Rule 68 offer imposes legal obligation on the plaintiff to pay defendant's post-offer litigation costs if the case continued to trial and the verdict in plaintiff's favor was less than that offer. *Id.*

Conditions may be attached to Rule 68 offers of judgment so long as the defendant would be bound if the plaintiff accepted the offer. *See Frazier v. Harris*, 218 F.R.D. 173, 174-75 (C.D. Ill. 2003) (reasoning that defendant's proposed offer of judgment was not valid under Rule 68 because its condition was that once plaintiff accepted the offer, the defendant city council would decide whether to approve it); *Mite v. Falstaff Brewing Corp.*, 106 F.R.D. 434, 435 (N.D. Ill. 1985) (stating that conditioning defendant's Rule 68 offer of judgment on provision that it was not an

admission of liability was valid because the defendant would have been bound to pay the agreement).

Although NCI argues that a general release would simply be a statement of what the doctrines of *res judicata* and collateral estoppel require, NCI has not produced any materials showing that the conditions in the general release were provided to Plaintiffs. It has long been held that a contract is a "meeting of the minds." *See Bowsher v. Merck & Co.*, 460 U.S. 824, 863 (1983). General releases are common; but when there are no terms for the meaning of "release," there cannot be a meeting of the minds. *See Defalco v. Oak Lawn Pub. Library*, No. 99 CV 02137, 2000 WL 263922, at *4 (N.D. Ill. Mar. 1, 2000) (stating that a general-release provision not setting forth the terms was not a valid contract). It is nearly impossible to attach a fixed meaning to a vague release. *See United States v. Orr Constr. Co.*, 560 F.2d 765, 770-72 (7th Cir. 1977) (stating that the term "proper legal release" was indefinite and unenforceable). In the instant case, NCI's request for a "general release" renders its offer undefined, indefinite, and unenforceable.

Moreover, NCI did not actually offer to allow judgment to be entered against it – an essential component of a Rule 68 offer. "[A] Rule 68 Offer of Judgment is a proposal of settlement that, by definition, stipulates that the plaintiff shall be treated as the prevailing party." *Delta Airlines, Inc. v. August*, 450 U.S. 346, 363 (1981) (Powell, J. concurring). NCI simply offered a sum of money in exchange for a general release and a stipulation of dismissal with prejudice. For that reason and those discussed above, NCI's purported offer of judgment did not comply with the requirements of Rule 68; and

Plaintiffs were entitled to reject the offer without the consequences provided in Rule 68. There is still a dispute over which to litigate.

## CONCLUSION

For the reasons stated above, NCI never presented Plaintiffs with a valid offer to consent to judgment in exchange for full recovery on Plaintiffs' claims. Therefore, NCI's motions to dismiss are denied. The parties may negotiate a settlement agreement on their own terms; but any renewed offers of judgment must comply with Rule 68, as set forth above.

Date: October 7, 2010

JOHN W. DARRAH
United States District Court Judge